IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **DANA M JACKSON,** *Defendant.* | : : : : : : : : : : | **CIVIL ACTION** **NO.  24-3406** |

# ORDER

**AND NOW**, this 8th day of January, 2024, upon consideration of Plaintiff's Motion for Alternative Service (ECF No. 6), I find as follows:

1.  This is a debt enforcement action brought on behalf of the United States.  Plaintiff demands judgment against Defendant in the amount of $94,724.44 plus costs and interest.

2.  Plaintiff has tried unsuccessfully to locate and effect service of process upon Defendant, Dana M Jackson.  Plaintiff now moves for alternative service, seeking to serve Defendant by posting a copy of the Summons and Complaint on Defendant's last known property address and mailing a copy of the same by mail.

3.  Because this case is "before the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure apply." State Farm Fire and Cas. Co. v. Harmon, No. 18-2016, 2018 WL 4931481, at *1 (E.D. Pa. Oct. 11, 2018).  In Pennsylvania, alternative service is proper if service cannot be made under the Rules.  Pa. R. Civ. P. 430(a).  Alternative service is appropriate as a "last resort" and where Plaintiff establishes that: (1) "it made a good faith effort to locate the defendant"; (2) "it made practical efforts to serve the defendant under the circumstances"; and (3)

"its proposed alternate means of service is reasonably calculated to provide the defendant with notice of the proceedings against him." Deutsche Bank Nat. Trust Co. v. Marjer, Inc., No. 14-2422, 2014 WL 5410203, at *3 (E.D. Pa. Oct. 24, 2014).

4. Here, Plaintiff's Motion and the documents and affidavit attached thereto are sufficient to establish the good faith requirement. Rule 430(a) provides an illustrative list of good faith efforts: "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search." Pa. R. Civ. P. 430(a). Plaintiff apparently complied with most of these illustrations. (See generally ECF No. 6.) Plaintiff attempted service at the first known address—1605 Nedro Avenue in Philadelphia—but was informed that Defendant no longer resided there. Plaintiff then conducted a Freedom of Information Act inquiry and found a second address—803 Manor Avenue in New Castle, Delaware. Before going to that address, Plaintiff conducted searches of prison records (both state and federal), professional license records, a google search, and a Lexis search. The Lexis search confirmed that Defendant might reside at the Delaware address. (See ECF No. 6-2.)

5. On November 15, 2024, Plaintiff's private process server attempted service at the Delaware address, which appears to be an apartment building. The building manager informed the server that someone with Defendant's name lives there and let the server in the building. The server knocked on Defendant's apartment door and an unknown female told him that he had the wrong address but would not provide her name. The server then tried again on November 16 at

10:49 AM and November 18 at 7:04 PM—each time unable to enter the building.  Under these circumstances, Plaintiff has made a good faith effort to locate.

6. Plaintiff's practical efforts to serve Defendant, however, are inadequate at this stage.  Although the process server believes to have located Defendant, Plaintiff did not follow up or speak with the building manager or neighbors to confirm Defendant's identity.  Moreover, Plaintiff did not try more than three times to serve Defendant at that address.  This is not enough to make out the second step of alternative service.  See United States v. Linares, No. 16-4463, 2016 WL 7014192, at *3 (E.D. Pa. Nov. 30, 2016) (finding a process server's three attempts to serve defendant on different days of the same week was not enough); see also Calabro v. Leiner, 464 F. Supp. 2d 470, 473 (E.D. Pa. 2006) ("Half-hearted attempts at service will not do.").  More is required.  See Linares, 2016 WL 7014192, at *2 (internal quotations and citations omitted) ("[A]s many as six repeated attempts at service and a stakeout may be necessary to demonstrate that all practical efforts were made to serve the defendant.").

7. Because Plaintiff's efforts at this stage are insufficient, I will deny its Motion for Alternative Service at this time.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for Alternative Service (ECF No. 6) is **DENIED without prejudice**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**