IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :          CIVIL ACTION
                                :
                                :
        v.                       :          No. 24-3406
                                :
DANA M. JACKSON         :
                                :

<u>**MEMORANDUM OPINION**</u>

**Henry, J.**                                                  **February 18, 2026**

Plaintiff, the United States of America, sued Defendant, Dana M. Jackson ("Jackson"), in connection with two scholarships that Jackson received that were conditioned on her serving two years as a nurse in a health care facility with a critical shortage of nurses. Plaintiff now moves for entry of default judgment against Jackson, who has failed to respond or otherwise participate in this litigation. I now grant the motion of Plaintiff, enter default judgment, and approve an award of $107,498.50.

## I.   <u>BACKGROUND</u>

The Court should accept as true the well-pleaded factual allegations of a complaint on consideration of a motion for default judgment. *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008). The facts set forth in the Complaint are as follows: Jackson is indebted to Plaintiff in the principal amount of $68,541.99 plus interest. ECF No. 1 ("Compl.") at ¶ 3. As of the filing of the Complaint on July 26, 2024, the amount of that interest totaled $26,182.45. *Id.* Interest accrues on the principal amount at $18.54 per day. Compl., Ex. A, Certificate of Indebtedness ("Cert.").

Jackson submitted an application and signed a contract to participate in the Nursing Scholarship Program and was approved to receive scholarship awards for the 2012-13 and 2013-

1

24 school years. Cert. at p. 1. In total, Jackson received $68,541.99 for tuition, fees, monthly stipends and other educational costs. *Id.* The scholarship awards were conditioned on Jackson serving one year of service for each year of scholarship support (a two-year service obligation in total) at a health care facility with a critical shortage of nurses as set forth in 42 U.S.C. § 297n(d)(1). *Id.* Pursuant to 42 U.S.C. § 297n(g), if a participant in the Nursing Scholarship Program failed to provide the required health services at an approved critical shortage facility, the participant becomes liable to the Federal Government for the amount of the scholarship awards plus interest. *Id.* Jackson graduated from Drexel University on September 7, 2013, but did not complete her 2-year service obligation. *Id.* Accordingly, she was placed in default effective June 7, 2015, notified that her debt was due and owing, and that it must be paid in full within three years from the date of default. Cert. at p. 2. Jackson made payments toward the interest on her scholarship awards, but despite being sent numerous notifications and demand letters, failed to satisfy her debt in full. *Id.* Accordingly, the debt was referred to the U.S. Department of Justice for collection efforts, and the instant Complaint was filed on July 26, 2024, seeking a total amount of $94,724.44 plus continuing interest.

Jackson never responded to the Complaint, and the Clerk of Court entered default against her on October 8, 2025. *See* ECF 18. Plaintiff moved for default judgment on October 2, 2025, *see* ECF 15, and the Court held hearings on the Motion for Default Judgment on January 29, 2026, and February 5, 2026.

## II.    <u>SERVICE</u>

Before entering default judgment, the Court must determine whether the defendant was properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). I find that service is proper here, where Plaintiff served Jackson by posting at her residence and via regular and certified mail at that address after seeking Court approval to do so.

There is no question that service was challenging in this matter. On November 12, 2024, Plaintiff filed a motion seeking to extend the time for service, stating that Jackson did not return the waiver of service, and that Plaintiff attempted service at Jackson's last known address, 1605 Nedro Ave, Philadelphia, and was advised Jackson did not live there. Plaintiff had located two alternative addresses for Plaintiff, 803 Manor Ave N, Claymont, DE and 143 N. 55th St., Philadelphia, and stated that they were in the process of serving her at those alternate addresses. Chief Judge Goldberg, to whom this case was previously assigned, entered an order directing service to be made by January 17, 2025.

On November 18, 2024, a process server attempted to serve Jackson at the Claymont, DE address, and an "unidentified female refused to open the door" and told the process server that Jackson did not live there. However, the rental manager of the building told the process server that Jackson and her boyfriend lived at that address. Plaintiff  moved the Court for permission to serve Jackson through alternative means, and on January 8, 2025, Chief Judge Goldberg directed Plaintiff to do more to try to serve Jackson at the Claymont, DE address.

This case was reassigned to me and on January 13, 2025, I entered an order giving Plaintiff until March 13, 2025, to serve Jackson. On March 11, 2025, Plaintiff filed a motion to be permitted to serve Jackson by posting a copy of the Summons and Complaint and by mailing it via regular and certified mail to Jackson's Claymont, DE address, as efforts to personally serve Jackson at the Claymont, DE address were unsuccessful. I granted Plaintiff's motion and permitted service to be made upon Jackson by posting at the Claymont, DE address and mailing to the Claymont, DE address via regular and certified mail. On October 10, 2025, Plaintiff filed an affidavit of service stating that a process server had posted the Claymont, DE property on March 18, 2025, and that the complaint and summons were mailed to her at the Claymont, DE property via regular and certified mail.

The ultimate issue is whether making service by posting Jackson's address and mailing via regular and certified mail was proper. Because this case is "before the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure apply." *State Farm Fire and Cas. Co. v. Harmon*, 2018 WL 4931481, at *1 (E.D. Pa. Oct. 11, 2018). In Pennsylvania, alternative service is proper if service cannot be made under the Rules. Pa. R. Civ. P. 430(a). Alternative service is appropriate as a "last resort" and where Plaintiff establishes that: (1) "it made a good faith effort to locate the defendant"; (2) "it made practical efforts to serve the defendant under the circumstances"; and (3) "its proposed alternate means of service is reasonably calculated to provide the defendant with notice of the proceedings against him." *Deutsche Bank Nat. Trust Co. v. Marjer, Inc.*, 2014 WL 5410203, at *3 (E.D. Pa. Oct. 24, 2014).

Plaintiff clearly establishes the good faith requirement, as it made extensive efforts to locate Jackson so that it could serve her personally. Plaintiff located multiple possible addresses for Jackson, both in Pennsylvania and in Delaware and attempted personal service at all of them. It is undisputed that good faith efforts to locate Jackson were made. Further, Plaintiff made extensive practical efforts to personally serve Jackson as well, as it sent process servers out to three different addresses where Jackson was thought to be on multiple occasions. Lastly, I believe Plaintiff's alternative means of service was reasonably calculated to provide Jackson with notice of the proceedings against her; therefore, I find all three requirements are met and service upon Jackson was proper.

## III.    **JURISDICTION**

The next task before the Court is to determine whether jurisdiction is proper. *See D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.")

(internal quotations omitted). In considering both subject matter and personal jurisdiction, I am satisfied that jurisdiction is proper in this case.

### A. Subject Matter Jurisdiction

The Court properly has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1345 which grants original jurisdiction to district courts for civil actions commenced by the United States or its agencies. As Plaintiff is the United States of America, subject matter jurisdiction exists.

### B. Personal Jurisdiction

The Court also has personal jurisdiction over Jackson. Federal Rule of Civil Procedure 4 allows a federal district court to exercise personal jurisdiction over out-of-state defendants to the extent allowed by the law of the state where the court is located. Pennsylvania has two statutes that confer jurisdiction over persons, 42 Pa.C.S.A. §§ 5301 and 5322. General jurisdiction over an individual defendant is based on the individual's presence or domicile in Pennsylvania when served or on the individual's consent to jurisdiction, 42 Pa.C.S.A. § 5301(a)(1), while specific jurisdiction over a person is based on the cause of action arising from the person's activities and contacts in Pennsylvania. 42 Pa.C.S.A. § 5322(a).

As Jackson was not served in Pennsylvania, it is unclear whether there is general jurisdiction over her. However, this is of no matter, as the Complaint and attached exhibit in this matter show that Jackson was a resident of Pennsylvania at the time she entered into the Nursing Scholarship Program. Further, the documents show that she attended nursing school at Drexel University, which is located in Pennsylvania. Lastly, the instant cause of action arose from Jackson's contacts with Pennsylvania, as she entered into a contract in Pennsylvania to attend school in Pennsylvania. Therefore, this Court has specific personal jurisdiction over Jackson.

## IV.   <u>LEGITIMATE CAUSE OF ACTION</u>

Next, the Court must determine "whether the unchallenged facts constitute a legitimate cause of action." *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015). Plaintiff's Complaint contains only a cause of action for breach of contract. To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) damages. *See Hartford Cas. Ins. Co. v. MRH Contractor, Inc.*, No. 23-cv-1567, 2024 WL 3904049, at *2 (E.D. Pa. Aug. 22, 2024) (citing *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)). Here, Plaintiff has adequately alleged that it entered a contract with Jackson to participate in the Nursing Scholarship Program, that the contract required Jackson to serve as a nurse for 2 years at a health care facility with a critical shortage of nurses in return for scholarship awards, and that Jackson failed to do so. According to the contract, in the event of such a failure, Jackson is liable to Plaintiff for the amount of her scholarship awards plus interest. Therefore, I find that these allegations are sufficient to state a claim for breach of contract.

## V.   <u>ENTRY OF DEFAULT JUDGMENT</u>

Finally, I must address whether I should enter default judgment by assessing three factors: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In weighing the three *Chamberlain* factors, I hold that entry of default judgment is warranted.

First, a denial of default judgment will prejudice Plaintiff. A plaintiff "will be prejudiced absent a default judgment when a defendant fails to respond to the plaintiff's claims because the

plaintiff will be left with no other means to vindicate his or her claims." *United States v. Tran*, No. 21-cv-730, 2022 WL 159734, at *2 (E.D. Pa. Jan. 18, 2022) (internal quotations omitted); *see also Trs. of the Nat'l. Elevator Indus. Pension Plan v. Universal Elevator Corp.*, No. 11-cv-3381, 2011 WL 5341008, at *3 (E.D. Pa. Nov. 3, 2011) ("Clearly, Plaintiffs will suffer prejudice if this Court denies their motion for default judgment; Plaintiffs are not receiving payments owed them."). Here, almost eighteen months have passed since Plaintiff filed suit, and eleven months have passed since Jackson was served. During that time frame, Jackson has not participated in this litigation in any way. Plaintiff has no other recourse for the money Jackson owes absent litigation, so the first factor weighs in favor of entering default judgment.

As to the second factor—whether the defendant has a litigable defense—it is well established that when a party does not answer or otherwise respond to the complaint, the Court may presume that it has "no meritorious defense." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014). Therefore, I will presume that Jackson has no litigable defense and find that this factor weighs in favor of default judgment.

The third factor is neutral, if not weighing in favor of default judgment. Courts are divided on how to weigh whether the defendant's delay is due to its own culpable conduct. Some courts consider this factor neutral when the defendant's motivations for not participating in the litigation are unclear, and others find that failure to participate in litigation is sufficient to satisfy culpable conduct. *See Hartford Cas. Ins. Co.*, 2024 WL 3904049, at *3. Plaintiff was unable to serve Jackson for quite some time, but once she was finally served via alternative service, she did not have an attorney enter an appearance or otherwise participate in the case, which may indicate culpability. *See Thorn Flats, LLC v. BuildPro Constr. LLC*, No. 21-cv-5412, 2022 WL 1720014, at *3 (E.D. Pa. May 26, 2022) (holding that the defaulting defendant's delay was due to its own culpable conduct where its authorized agent received the complaint and summons but knowingly

7

decided not to enter an appearance or otherwise defend itself in the case). But even if I give Jackson the benefit of the doubt and consider this factor to be neutral, the totality of all three factors weighs in favor of granting default judgment against Jackson.

## VI.   DAMAGES

Having found that default judgment is appropriate in this case, I now calculate damages. The Court need not accept as true the moving party's factual allegations in the complaint relating to the appropriate amount of damages. *Broad. Music, Inc.*, 555 F. Supp. 2d at 541. Rather, "[t]he plaintiff bears the burden of proving that they are entitled to recover damages and must substantiate the amount, such as through affidavits or other appropriate evidence." *Morgan v. RCL Mgmt., LLC*, No. 18-cv-0800, 2020 WL 3429444, at *1 (E.D. Pa. June 23, 2020).

Plaintiff entered into evidence at the February 5, 2026, hearing a debt calculation report showing the amount owed by Jackson, broken down into principal and interest, and also included a Certificate of Indebtedness as an exhibit to the Complaint that shows the amount owed by Jackson. *See* ECF 1, Ex. A. I am satisfied with this evidence as proof of Plaintiff's entitlement to its claimed damages of $68,541.99 in principal, $26,182.45 in interest as of March 31, 2024, and $12,774.06 in interest from March 31, 2024 to today's date.

## VII.   CONCLUSION

For the reasons discussed more fully above, default judgment is entered against Dana Jackson in the amount of $107,498.50.  An appropriate Order follows.